# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **DELORES MCCRANEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-cv-1402-L** |
| | § | |
| **ONCOR ELECTRIC DELIVERY** | § | |
| **COMPANY LLC,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Oncor Electric Delivery Company LLC's ("Defendant" or "Oncor") Amended Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 9), filed August 10, 2018; Plaintiff Delores McCraney's ("Plaintiff" or "McCraney") Response to Defendant's Amended Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 10), filed August 30, 2018; and Defendant's Reply to Plaintiff's Response to Defendant's Amended Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 11), filed September 12, 2018. After careful consideration of the motion, briefs, pleadings, and applicable law, the court **denies** Defendant's Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 9).

## I.   Factual and Procedural Background

On May 31, 2018, McCraney filed this action against her former employer, Oncor, for violations of the Family and Medical Leave Act ("FMLA"). After Oncor filed its first motion to dismiss, McCraney filed an amended complaint ("Amended Complaint") (Doc. 8) on July 27, 2018.

According to the Amended Complaint, McCraney's claims arise from allegedly unpaid "salary continuation benefits" that she contends she was entitled to under an Oncor policy that

**Memorandum Opinion and Order – Page 1**

provided paid leave of up to 100% of regular base pay for an employee who is on restricted duty because of an injury or illness. On or about November 12, 2014, McCraney informed Oncor that she suffered from carpal tunnel in her right hand as a result of an on-the-job injury. Doc. 8, ¶ 8. After she submitted proper medical certification to Oncor indicating that she was unable to perform her essential job duties, she was approved for unpaid FMLA leave. Doc. 8, ¶ 8. McCraney also corresponded with Oncor's disability carrier about her benefits under its Salary Continuation policy. Doc. 8, ¶ 11. McCraney contends that the parties agreed that her "salary continuation period" would be in effect between November 12, 2014, and May 31, 2015. On November 21, 2014, McCraney was approved for and agreed to a modified transitional duty role. Doc. 8, ¶ 11. She contends that she did not receive any salary continuation benefits from November 12, 2014, through November 21, 2014, and did not receive her benefits once she began working under her modified duty schedule. Doc. 8, ¶ 12. She contends that Oncor told her she was placed on a "no pay status" because of "excessive absences" between 2003 to 2008. Doc. 8, ¶ 13. McCraney contends that these absences occurred "while on FMLA and/or on-the-job injury time off." Doc. 8, ¶ 13. She contends that "no other employee of [Oncor] was placed on a 'no pay status' under the Salary Continuation policy due to 'excessive absences.'" Doc. 8, ¶ 13.

On January 23, 2015, McCraney submitted medical certification that she suffered a second injury to her left hand and consequently had bilateral carpal tunnel in both hands. Doc 8, ¶ 16. Oncor determined she was unable to perform her essential job duties with either hand and sent her home on February 12, 2015. Doc. 8, ¶ 16. McCraney maintains that, as a result of the diagnosis of bilateral carpal tunnel, she is entitled to salary continuation benefits for the period between February 12, 2015, and August 12, 2015, which Defendant has not paid. Doc. 8, ¶ 16.

McCraney contends that, by January 2015, she and Oncor had not come to an agreement about her entitlement to the benefits for the period beginning on November 12, 2014, which prompted her to file a complaint with the U.S. Department of Labor ("DOL"). On October 26, 2015, Oncor informed the DOL that it would pay McCraney $9,000 in salary continuation benefits but conditioned the payment on her signing a release stating that she would not sue Oncor for any and all claims, whether or not related to her salary continuation benefits. Doc. 8, ¶ 15. McCraney refused the conditional offer on November 4, 2015. Doc. 8, ¶ 15.

McCraney states that Oncor "intentionally and willingly interfered with and discriminated and retaliated against [her] legal rights under the FMLA" based on (1) Oncor's decision to place her on a "no pay status" during the period she was entitled to salary continuation benefits; (2) Oncor conditioning its offer to pay her benefits for the period between November 12, 2014, to May 31, 2015, on her agreeing to forego her right to sue Oncor for any reason; and (3) Oncor's refusal to remedy its failure to pay her salary continuation benefits. Doc. 8, ¶ 17.

On August 10, 2018, Oncor moved to dismiss McCraney's Amended Complaint. First, Oncor maintains that its conditional offer did not constitute an FMLA violation because, under the FMLA, employers are permitted to make a post-dispute settlement offer that includes a waiver of a cause of action under the FMLA. Doc. 9, ¶ 12. Second, Oncor contends that the only remaining viable FMLA violations alleged in McCraney's Complaint are barred by the applicable three-year statute of limitations pursuant to 29 U.S.C. § 2617(c). Oncor maintains that the statute of limitations accrued, at the latest, on February 12, 2015, the date that she was sent home due to her bilateral carpal tunnel diagnosis and, therefore, the statute of limitations expired on February 12, 2018, prior to McCraney's filing of this action on May 31, 2018. Doc. 9, ¶¶ 10, 14.

In her Response, McCraney only addresses the statute of limitations issue, and not Oncor's argument that its conditional offer is not a proper basis for an FMLA claim. Doc. 10, ¶ 8 ("The sole issue is when the statute of limitations accrued."). McCraney states that February 12, 2015, is not the correct date for the last alleged violation because she was not, at that time, informed of Oncor's decision not to pay salary continuation benefits for the time she would be placed on leave, between February 12, 2015, through August 12, 2015. Doc. 10, ¶ 11. She contends that she was only later made aware of Oncor's refusal to pay benefits on October 26, 2015, when it made the conditional $9,000 offer, or alternatively on November 4, 2015, when she refused it. Doc. 10, ¶ 11. She contends that Oncor "strung [her] along every step of the way" with "false hopes of payment of her Salary Continuation benefits," and it was not until October 26, 2015, the date of Oncor's conditional offer, when she "was put on notice that her FMLA rights were violated." Doc. 10, ¶ 15. "[McCraney] had no reason to expect she would not be paid by Defendant when for the past 12 years, she had been paid for every leave of absence despite being on 'no pay status.'" Doc. 10, ¶ 15.

Oncor replies that McCraney was "clearly on notice of her claim at the time she filed her complaint with the DOL" in January 2015, and she provides no case law in support of her contention that the statute of limitations for a violation under the FMLA can accrue when a settlement offer on the disputed denial of benefits is made and rejected. Doc. 11, ¶ 2.

## II. Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177,

180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id*.; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id*. (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a

plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), rev'd on other grounds, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

**III.    Analysis**

   **A.    Grounds for FMLA Claim**

Under the FMLA, an eligible employee is allowed to take up to 12 work weeks of leave in a twelve-month period (1) when the employee has a serious health condition that makes him unable to perform the duties of his position, (2) to care for a close family member with a serious health condition, (3) because of the birth of a child, or (4) because of the placement of a child with the employee for adoption or foster care. 29 U.S.C. § 2612(a)(1)(A)-(D); *Bocalbos v. National Western Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998). The FMLA makes it unlawful for an employer to interfere with, restrain, or deny an employee's FMLA rights, or to discriminate or retaliate against an employee for exercising such rights. 29 U.S.C. § 2615(a)(1), (2); *Chaffin v. John H. Carter Co.*, 179 F.3d 316, 319 (5th Cir. 1999).

Accordingly, a plaintiff may bring an FMLA claim based on either of two theories: the entitlement theory, which creates substantive rights for employees eligible for the coverage of the FMLA, and the retaliation theory, which prohibits employers from retaliating against employees who exercise their FMLA rights. *Richardson v. Monitronics Int'l, Inc.*, No. 3:02-CV-2338-N, 2004 WL 287730, at *2 (N.D. Tex. Jan. 27, 2014) (citing 29 U.S.C. §§ 2612(a)(1), 2614(a), and 2615(a); and *Lubke v. City of Arlington*, No. 4:02-CV-0188-Y, 2003 WL 22466200, at *3, *6 (N.D. Tex. Sep. 9, 2003)). McCraney's Amended Complaint fails to allege an entitlement claim, which requires a plaintiff to show that: "(1) she is an eligible employee under the FMLA; (2) defendant

is an employer subject to the requirements of the FMLA; (3) plaintiff was entitled to leave under the FMLA; (4) plaintiff gave proper notice to the defendant of her intention to take FMLA leave; and (5) the defendant denied her the benefits to which she was entitled under the FMLA." *Id.* (citation omitted). McCraney contends that she was approved for unpaid FMLA leave on or about November 12, 2014. Doc. 8, ¶¶ 8-9. McCraney's claims allege that she was denied benefits under Oncor's separate Salary Continuation policy that is available to employees who are approved for leave. Doc. 8, ¶ 9. She does not point to any substantive rights provided under the FMLA to which she was entitled and improperly denied, nor does she allege that the benefits provided pursuant to the Salary Continuation policy are similarly available under the FMLA. She contends, rather, that Oncor determined it would not pay her benefits under its Salary Continuation policy because she took "excessive time off and abused time off from 2003 to 2008," which constituted absences that occurred while on "FMLA and/or on-the-job injury time off." Doc. 8, ¶ 13. McCraney further contends that no other employee of Oncor was placed on a "no pay status" under the Salary Continuation policy due to "excessive absences." Doc. 8, ¶ 13. She contends that Oncor "intentionally and willingly interfered with and discriminated and retaliated against [her] rights under the FMLA by disciplining her and putting her on 'no pay status' under its Salary Continuation policy." Doc. 8, ¶ 17. Accordingly, the court will construe her claim under the retaliation theory.

To establish a prima facie case of retaliation under the FMLA, the employee must show: (1) he or she was protected under the FMLA, (2) he or she suffered an adverse employment action, and (3) the adverse action was taken because he or she sought protection under the FMLA. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 390 (5th Cir. 2013). "Materially adverse actions are not limited to ultimate employment decisions but include any actions that would dissuade a reasonable

employee from exercising his [or her] rights under the FMLA." *Lushute v. Louisiana, Dep't of Soc. Servs.*, 479 F. App'x 553, 555 (5th Cir. 2012) (citing *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53 (2006)). "In other words, an employee suffers an adverse employment action if a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (citations omitted).

In its Amended Motion to Dismiss, Oncor contends that McCraney cannot base her FMLA violation on Oncor's conditional offer to pay her salary continuation benefits,[*] and the only proper basis for the violation is its "decision to discipline her and place her on 'no pay status.'" Doc. 9, ¶¶ 12, 14. At the pleadings stage and in light of McCraney's Amended Complaint, the court does not see a meaningful distinction. Broadly construed, the adverse employment action alleged in McCraney's Amended Complaint is Oncor's ultimate decision not to pay her benefits that she was allegedly owed during two salary continuation periods. An employment action that impacts an employee's entitlement to benefits rises to the level of materiality required to establish that an employment action was adverse. *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 333 (5th Cir. 2009). McCraney's Amended Complaint further contends that Oncor informed her that she would not be paid the benefits due to "excessive time off and abused time off from 2003 and 2008"

---

[*] Defendant cites *Faris v. Williams WPC-I, Inc.*, 332 F.3d 316, 320 (5th Cir. 2003), for the proposition that the FMLA does not prohibit a waiver of a cause of action under the FMLA in a post-dispute settlement. That case involved a challenge to the enforceability of a release that was signed by an employee upon her termination. *Id.* at 318. After her termination, the plaintiff received an offer of one month's salary, in exchange for signing a release that purported to waive her rights to "all other claims arising under any other federal, state or local law or regulation." *Id.* When the plaintiff sued the employer for allegedly firing her in retaliation for asserting her rights under the FMLA, the employer sought to enforce the release. *Id.* The court determined the release was enforceable under the plain language of the FMLA, which only renders void a current employer's prospective waiver of substantive rights under the statute—such as rights to leave and reinstatement—but does not prohibit an employee from waiving his or her right to bring a cause of action for retaliation for the exercise of those rights. *Id.* at 320. That case is not instructive here, where McCraney did not sign the proposed release, and the court is not required to determine such a release's enforceability in light of this reading of the statute. The issue, rather, is whether McCraney's *refusal* to sign the release, and Oncor's subsequent decision to deny her benefits under the Salary Retaliation policy, sufficiently alleges an adverse employment action for purposes of pleading a retaliation claim.

**Memorandum Opinion and Order – Page 9**

"which occurred while on FMLA and/or on-the-job injury time off." Doc. 8, ¶ 3. When viewed in the light most favorable to McCraney, the court construes Oncor's conditional offer as partly motivated by what McCraney describes as Oncor's admission that it was penalizing her for taking FMLA leave between 2003 and 2008. McCraney's refusal of the offer—because of the condition placed on it—resulted in Oncor's ultimate adverse decision not to pay her the benefits. The court further determines that the Amended Complaint sets forth a plausible causal link between Oncor's statements about McCraney's time off between 2003 and 2008; Oncor's conditioning its offer to pay the benefits on McCraney's waiving all rights to sue it; and McCraney's refusal of the offer, resulting in Oncor's ultimate decision not to pay the benefits. Accordingly, insofar as Plaintiff's allegations regarding Defendant's conditional offer form the factual basis of her retaliation claim, Defendant's amended motion to dismiss on these grounds will be **denied**.

### B. Statute of Limitations

When an FMLA action is brought for an employer's willful violation, the limitations period is three years. 29 U.S.C. § 2617(c). The parties are not in dispute that three years is the applicable statute of limitations. In determining when the limitations period begins to run, the court looks to when the alleged wrongful act occurred and not to when the consequences may appear. *Ioannides v. University of Texas M.D. Anderson Cancer Ctr.*, No. H-09-1988, 2009 WL 10680362, at *5 (S.D. Tex. Dec. 2, 2009) (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) ("[T]he proper focus is on the time of the *discriminatory* act, not the point at which the *consequences* of the act become painful.")).

Oncor maintains that the last possible date the statute of limitations accrued was February 12, 2015, and, accordingly, the deadline to file suit would have been February 12, 2018, which preceded by three and one-half months the date when McCraney filed suit on May 31, 2018. Oncor
Memorandum Opinion and Order – Page 10

maintains that, on February 12, 2018, it made its decision to discipline McCraney and place her on "no pay status" while she took leave because of her bilateral carpel tunnel diagnosis. Oncor contends that the limitations period could not have accrued at any later date because the failure to remedy a prior wrongful act is not considered a continuing violation. Oncor further contends that McCraney was "clearly on notice of her claim at the time she filed her complaint with the DOL" in January 2015, regarding the nonpayment of her salary continuation benefits. Doc. 11, ¶ 2.

McCraney responds that Oncor never informed her on February 12, 2015, that it would refuse to pay her benefits. She contends that she and Oncor were in constant communication regarding resolving the issue of payment of salary continuation benefits for the period of November 12, 2014, through May 31, 2015, and it was not until November 4, 2015, when McCraney refused Oncor's conditional offer, that she was informed of Oncor's ultimate refusal to pay benefits for that period. She alleges that, after being sent home on February 12, 2015, Oncor had "no communication [with her] as to when she was to return, effectively holding her job in limbo, and stringing her along regarding payment of Salary Continuation benefits" and gave her "false hopes of payment of her Salary Continuation benefits." Doc. 10, ¶¶ 14, 15. She contends that she "had no reason to expect she would not be paid by Defendant when for the past 12 years, she had been paid for every leave of absence *despite* being on 'no pay status'" and it was not until November 5, 2015, when she refused the conditional offer, that she was put on notice that her FMLA rights were violated. Doc. 10, ¶ 15.

The alleged violation underlying McCraney's FMLA claim is Oncor's determination that it would not pay her salary continuation benefits for two different periods, the first starting (1) November 12, 2014, after McCraney's carpal tunnel diagnosis for her right hand, when she was placed in a modified transitional duty role and (2) February 12, 2015, after McCraney's bilateral

**Memorandum Opinion and Order – Page 11**

carpal tunnel diagnosis for both her right and left hand, when she was sent home because she was unable to perform any essential job duty. The court must determine the time at which McCraney requested the benefits for these periods and was informed they would be denied. Any subsequent decisions by Oncor reaffirming an initial determination may not be considered because the failure to remedy a prior wrongful act is not a continuing violation. *See Nelson v. University of Texas at Dallas*, 491 F. Supp. 2d 672, 680-81 (N.D. Tex. June 7, 2007). The court is limited to Plaintiff's Amended Complaint in making its determination pursuant to the standard for reviewing a Rule 12(b)(6) motion.

According to the Amended Complaint, with respect to the first salary continuation period, McCraney states that Oncor informed her it would not pay her benefits for this period based on the "excessive time off and abused time off from 2003 to 2008." Doc. 8, ¶ 13. She does not provide a specific date when this communication was made, but the court reasonably infers that it was made prior to January 2015, when McCraney filed her complaint with the DOJ due to the parties' inability to come to an agreement about her entitlement to benefits for the November 12, 2014 injury. Doc. 8, ¶ 14. As Oncor definitively communicated it would not pay her salary continuation benefits for the November 12, 2014 injury, any subsequent determination reaffirming this decision may not be considered by the court for purposes of determining the accrual date. *See Nelson*, 491 F. Supp. 2d at 680-81.

On January 23, 2015, Oncor received medical certification that McCraney had suffered a second injury and had bilateral carpal tunnel in both hands. Doc. 8, ¶ 16. On February 12, 2015, Oncor sent her home because it concluded that she could not perform her essential job duties and no reasonable accommodation could be made. Doc. 8, ¶ 16. *McCraney does not contend that, on or about February 12, 2015, Oncor informed her that it would not pay her salary continuation*

*benefits while she was on leave due to this second injury.* In other words, there are no allegations set forth in the Amended Complaint from which the court can reasonably infer that McCraney was advised she would not receive salary continuation benefits for this second period. Oncor contends that the last possible date the limitations period could have accrued was February 12, 2015, when it made a decision to place her on "no pay status." There are no alleged facts, however, in the Amended Complaint to support such a contention. The court simply cannot presume—based on Oncor's previous decision not to pay McCraney benefits when she took leave for the first November 12, 2014 injury—that Oncor would again refuse to pay her benefits after she was sent home on February 12, 2015.

Oncor contends that McCraney was clearly aware of the existence of an FMLA violation because she filed a complaint with the DOJ in January 2015. That complaint, however, was to challenge Oncor's explicit denial of payments for the first salary continuation period beginning on November 12, 2014. The complaint was filed prior to McCraney's second salary continuation period beginning on February 12, 2015, due to a second injury involving her other hand. Viewing the facts in the light most favorable to McCraney, it was not until Oncor's conditional offer on October 26, 2015, when she was informed that Oncor was considering denying her benefits for the period beginning on February 12, 2015, if she refused to sign the release.

Accordingly, the court determines that the Amended Complaint alleges that McCraney was informed for the first time by Oncor on October 26, 2015, of its decision to deny her benefits for the February 12, 2015 injury in the event that she refused to sign the release—which she did. As the court previously explained, the Amended Complaint sets forth sufficient facts to allege plausibly that Oncor's decision was motivated by McCraney's having taken FMLA leave at various periods between 2003 and 2008. As McCraney's retaliation claim accrued on October 26,

2015, the filing of this action on May 31, 2015, is not barred by the three-year statute of limitations. Defendant's amended motion to dismiss based on a statute of limitations defense will be **denied**.

IV. **Conclusion**

For the reasons set forth herein, the court **denies** Defendant's Amended Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 9). As previously noted by the court, at this stage of the litigation, the court only tests the adequacy of the pleadings. Whether or not summary judgment is appropriate under Federal Rule of Civil Procedure 56 depends on whether a genuine dispute of material fact exists regarding Plaintiff's claim.

**It is so ordered** this 20th day of February, 2019.

Sam A. Lindsay
United States District Judge